IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**OFELIA ALVAREZ** and **SILVIA ALVAREZ**,
*Individually, and on behalf of themselves and
other similarly situated current and former employees*,

    Plaintiff,

v.

**DAHER CLEANING SERVICES OF
TENNESSEE COMPANY,**
*a Tennessee Corporation,*
**MARA DAHER-BOYER,** *individually,* and
**SIEGFRIED A. RICHTER, JR.**, *individually,*

    Defendant.

NO. _____

**FLSA Opt-In Collective Action**

**JURY DEMANDED**

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiffs, Ofelia Alvarez and Silvia Alvarez ("Plaintiffs"), individually and on behalf of all others similarly situated, file this Original Collective Action Complaint under the Fair Labor Standards Act ("FLSA") against the above-named Defendants and show as follows:

### I. NATURE OF SUIT

1. The Fair Labor Standards Act ("FLSA") was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S.

1

697, 707 (1945) (discussing the FLSA's minimum wage and maximum hour protections generally); *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendants violated the FLSA by failing to properly classify their workers as employees and by failing to pay their workers for all hours of work at the rates required by the FLSA. Plaintiffs routinely worked in excess of forty (40) hours per week but were not paid overtime for doing this excessive work. Instead, Defendants misclassified Plaintiffs and Class Members, as defined below, as independent contractors exempt from the protections of the FLSA, and failed to pay proper regard to the amount of hours Plaintiffs and Class Members actually worked or guarantee proper payment of overtime. Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.   PARTIES

3. Plaintiff Ofelia Alvarez is an individual who was employed by Defendants within the meaning of the FLSA within the three (3) year period preceding the filing of this Complaint. Her consent to be a party-plaintiff in this action is attached as *Exhibit A*.

4. Plaintiff Silvia Alvarez is an individual who was employed by Defendants within the meaning of the FLSA within the three-year period preceding the filing of this Complaint. Her consent to be a party-plaintiff in this action is attached as *Exhibit B*.

5. Plaintiffs and Class Members are Defendants' current and former workers who were misclassified as independent contractors and were not paid overtime pay for overtime work as required by the FLSA.

6. Corporate Defendant Daher Cleaning Services of Tennessee Company ("DCS") is a Tennessee for-profit corporation authorized to do business and that does business in the state

of Tennessee. DCS is owned and operated by Defendants Mara Daher-Boyer and Siegfried Richter. DCS can be served with process through its registered agent, Mara Daher-Boyer, at 13153 Old Hickory Boulevard, Apartment 825, Antioch, Tennessee 37013-4984, or wherever she may be found.

7. Defendant Mara Daher-Boyer is an individual residing in Tennessee and can be served with process at 13153 Old Hickory Boulevard, Apartment 825, Antioch, Tennessee 37013-4984, or wherever she may be found.

8. Defendant Siegfried Richter is an individual residing in Tennessee and can be served with process at 13153 Old Hickory Boulevard, Apartment 825, Antioch, Tennessee 37013-4984, 1024 Heron Pointe Drive, Nashville, Tennessee 37214-2564 or wherever he may be found.

### III.     JURISDICTION AND VENUE

9. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10. Venue is proper in this District because the events forming the basis of the suit occurred in this District and one or more of the parties reside in this district.

### IV.     COVERAGE

11. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiffs and Class Members.

12. At all times hereinafter mentioned, Defendants have been "employers" within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all times hereinafter mentioned, Defendants have been enterprises within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce

or in the production of goods for commerce within the meaning of section 3(s) the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

15. At all times hereinafter mentioned, Plaintiffs and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207.

## V. FACTUAL ALLEGATIONS

16. Defendant DCS provides cleaning, disinfecting, air fogging, and sanitization services to government, commercial, and residential customers in the Nashville, Tennessee and Chattanooga, Tennessee areas.

17. Defendant Mara Daher-Boyer is an owner and founder of DCS. In these capacities, she exercised operational control over DCS, has the power to hire and fire DCS employees and had this power over Plaintiffs during the course of their relevant employment. Defendant Daher-Boyer was in charge of Plaintiffs' and Class Members' schedules, supervised their work, misclassified them as exempt from overtime, and had knowledge of the overtime hours worked by Plaintiffs and Class Members, but failed to provide proper redress or lawful pay for this excessive work. In short, she is, in whole or in part, responsible for the overtime violations at issue in this lawsuit.

18. Defendant Siegfried Richter is an owner of DCS. As an owner, he exercised operational

control over DCS, has the power to hire and fire DCS employees and had this power over Plaintiffs during the course of their relevant employment. Defendant Richter supervised Plaintiffs and the Class Members' work, misclassified them as exempt from overtime, and had knowledge of the overtime hours worked by Plaintiffs and Class Members but failed to provide proper redress or lawful pay for this excessive work. In short, he is, in whole or in part, responsible for the overtime violations at issue in this lawsuit.

19. Plaintiffs were employed by Defendants during the three (3) years prior to the filing of this suit and during this time provided cleaning services to Defendants' clients and customers at Defendants' direction and control.

20. Plaintiffs estimate that the putative class, including both current and former employees over the relevant period, will include approximately ten (10) similarly situated workers.

21. Plaintiffs and Class Members were compensated by Defendants on an hourly basis.

22. Plaintiffs and Class Members regularly worked over forty (40) hours during the regular workweek.

23. Plaintiffs and Class Members typically worked five (5) to six (6) days per week, ten (10) to twelve (12) hours per day but were only paid straight time or regular time for each hour worked regardless of how many hours were worked.

24. Defendants had no good faith basis to believe that Plaintiffs and Class Members were exempt from the overtime requirements of the FLSA.

25. Defendants either knew or acted with reckless disregard of applicable laws, regulations and administrative guidelines in failing to pay Plaintiffs and Class Members overtime compensation.

26. Defendants had actual knowledge that Plaintiffs and Class Members worked overtime hours.

27. Defendants financially benefitted by failing to pay Plaintiffs and Class Members overtime.

28. Defendants' conduct as alleged herein was willful and has damaged Plaintiffs and Class Members. Defendants knew, and were aware at all times, of the alleged FLSA violations.

29. Plaintiffs and Class Members were all compensated on an hourly basis and Plaintiffs were paid approximately $12.00 to $15.00 per hour.

30. Plaintiffs and Class Members were paid only straight time or regular time for hours worked over forty (40) in a particular week, instead of being paid 1.5 times their regular rates for hours over forty (40).

31. Despite the fact that Plaintiffs and Class Members did not meet any test for exemption, Defendants failed to pay them the requisite overtime rate of one and one-half (1½) times their regular rates for all hours worked more than forty (40) hours per week ("overtime hours").

## **Plaintiffs and Class Members Are Not Exempt**

32. Plaintiffs and Class Members provide cleaning and sanitization services to Defendants' customers.

33. Plaintiffs and Class Members are employees as a matter of economic reality. The Department of Labor's Wage and Hour Division ("WHD") Administrator's Interpretation No. 2015-1 states that "most workers are employees under the FLSA's broad definitions." Plaintiff and Class Members qualify as employees under the FLSA.

34. The foregoing work performed by Plaintiffs and Class Members is an integral part of Defendants' business. Plaintiffs and Class Members provide cleaning services to Defendants' clients.

35. Defendants controlled Plaintiffs and Class Members whenever they were performing services on behalf of the Defendants.

36. The duties of the Plaintiffs and Class Members do not involve managerial work. They follow the training provided to them by Defendants in performing their work, which is basic cleaning and sanitization.

37. Plaintiffs and Class Members do not make any significant relative investments in relation to their work with Defendants. Defendants provided the training and equipment required to perform the functions of their work. In fact, Defendants required Plaintiffs and Class Members to report to a "supply station" every morning at approximately 8:00 a.m. in order for Defendants to distribute cleaning products, supplies, and equipment. Defendants called this a "daily huddle." At all times material, Defendants provided Plaintiffs and Class Members with all products, supplies, and equipment necessary to perform the cleaning and sanitation services for Defendants' customers.

38. Plaintiffs and Class Members have no opportunity to experience a profit or loss related to their employment. Defendants pay Plaintiffs and Class Members a fixed hourly rate. Plaintiffs and Class Members do not share in Defendants' monetary success; their income from their work is limited to their hourly rate.

39. The work of the Plaintiffs and Class Members does not require special skills, judgment, or initiative. Defendants provide training, which they use in turn to provide cleaning and sanitization services to Defendants' customers.

40. Plaintiffs and Class Members are economically dependent on Defendants.

41. Plaintiffs and Class Members are not, and cannot be, customarily engaged in an independently established trade, occupation, profession, or business when working for Defendants due to the excessive hours worked.

42. Plaintiffs and Class Members have no authority to refuse or negotiate Defendants' rules and

policies; they must comply or risk discipline or termination.

43. Defendants instruct Plaintiffs and Class Members concerning how to do their work and Defendants dictate the details of the performance of their jobs.

44. Throughout the statutory period, Plaintiffs and Class Members' primary duties were not related to the management of the business operations of DCS or its customers.

45. Throughout the statutory period, Plaintiffs and Class Members' primary duties did not require the use of discretion and independent judgment with respect to matters of significance.

46. Throughout the statutory period, Plaintiffs and Class Members did not perform work requiring invention, imagination, originality, or talent in a recognized field of artistic or creative endeavor.

47. Despite the fact that Plaintiffs and Class Members did not meet any test for exemption, Defendants failed to pay Plaintiffs and Class Members the requisite overtime rate. Rather, Defendants paid Plaintiffs and Class Members straight time or regular time for hours worked over forty (40) in a particular week, regardless of the number of hours worked over forty (40) in any week.

## Defendants Willfully Violated the FLSA

48. Defendants have no legitimate basis to believe that Plaintiffs and Class Members were exempt from the overtime requirements of the FLSA. Instead, Defendants either knew or acted with reckless disregard of clearly applicable FLSA provisions in failing to pay Plaintiffs and Class Members overtime compensation for all overtime hours worked. Defendants' willful actions and/or willful failures to act, included, but were not necessarily limited to:

    a. Defendants maintained payroll records which reflected that Plaintiffs and Class Members did, in fact, regularly work overtime hours and therefore, Defendants had actual knowledge that the Plaintiffs and Class Members worked overtime hours;

b. Defendants knew that it did not pay Plaintiffs and Class Members one and one half (1½) times their regular rates of pay for all overtime hours worked;

   c. Defendants lacked any good-faith basis to believe that Plaintiffs and Class Members fell within any exemption from the overtime requirements of the FLSA; and

   d. Defendants were aware that they would (and did) benefit financially by failing to pay Plaintiffs and Class Members overtime pay for all overtime hours worked, reducing labor and payroll costs.

49. Plaintiffs and Class Members were not lawfully compensated for all hours worked in excess of forty (40) in a workweek at the rates required by the FLSA because Defendants intentionally misclassified them as exempt from the overtime provisions of the FLSA.

50. Plaintiffs and Class Members routinely worked in excess of forty (40) hours per week but were not paid time-and-one-half their regular rates of pay for all of their excessive hours.

51. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiffs and Class Members. Defendants received complaints from Plaintiffs or Class Members regarding these excessive hours and the failure to compensate for all hours worked but failed to redress these concerns, necessitating this lawsuit.

## VI. COLLECTIVE ACTION ALLEGATIONS

52. Plaintiffs incorporate by reference all preceding paragraphs as fully as if written herein.

53. Plaintiffs and Class Members performed the same or similar job duties as one another and were/are paid under the same pay policy or practice, regularly worked more than forty (40) hours per week, and were improperly classified as independent contractors.

54. The proposed collective class of similarly situated persons is defined as:

> All current and former workers of Defendants who were not paid overtime at the applicable FLSA overtime rates of pay within weekly pay periods during the three (3) years preceding the filing of this action ("Class

9

Members").[1]

55. Application of this policy or practice does not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policy or practice that resulted in the misclassification and non-payment of overtime pay for overtime hours worked that applied to Plaintiffs applies/applied to all Class Members.

56. All Class Members, regardless of their precise job title, requirements, or rates of pay, are entitled to overtime compensation for hours worked in excess of forty (40) hours per week because they were misclassified as independent contractors. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiffs and Class Members.

57. Defendants were aware of their obligations to pay overtime to Plaintiffs and Class Members and failed to do so. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiffs and Class Members.

## COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME WAGES

58. Plaintiffs incorporate by reference all preceding paragraphs as fully as if written herein.

59. Defendants have violated and are violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer than forty (40) hours without compensating such non-exempt employees for their overtime work.

60. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least

---

[1] Plaintiffs reserve the right to amend the Class Description.

one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

61. Through their actions, plans, policies and practices Defendants have acted willfully and violated the FLSA by regularly and repeatedly failing to compensate Plaintiffs and Class Members for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint, as required by the FLSA.

### COUNT II
### VIOLATION OF THE FAIR LABOR STANDARDS ACT – INDIVIDUAL MINIMUM WAGE CLAIMS

62. The forgoing paragraphs are incorporated by reference as if fully stated herein.

63. At all relative times, Named Plaintiffs have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

64. Through their actions, policies, practices, and plans, Defendants violated the FLSA by failing to compensate Named Plaintiffs for *any* hours worked during Named Plaintiffs' final two (2) weeks of employment with Defendants. This constitutes wage theft in its clearest form.

65. Defendants' actions were willful with reckless disregard of clearly applicable FLSA provisions and were not in good faith.

66. As a direct and proximate cause of Defendants' unlawful conduct, Named Plaintiffs have suffered and will continue to suffer a loss of income and other damages.

67. Therefore, Defendants are liable to Named Plaintiffs for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 201, *et seq.*, as well as reasonable attorneys' fees, costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and Class Members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiffs and Class Members all unpaid overtime compensation against Defendants;

b) Find and declare that Defendants' violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

c) Award Plaintiffs and Class Members liquidated damages in accordance with the FLSA;

d) Award prejudgment interest (to the extent that liquidated damages are not awarded);

e) Award Plaintiffs and Class Members attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

f) Award post-judgment interest and court costs as allowed by law;

g) Award minimum wage and overtime damages for Named Plaintiffs' last two (2) weeks of employment with Defendants;

h) Enter an Order designating this action as an opt-in collective action under the FLSA;

i) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

j) Allow Named Plaintiffs to further amend their Complaint, if necessary, as new facts are discovered; and

k) Provide additional general and equitable relief to which Plaintiffs and Class Members may be entitled and any further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a **TRIAL BY JURY** as to all issues.

Dated: June 21, 2021.                    Respectfully Submitted,

*s/J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #37004)
**JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*


*s/Marc A. Walwyn*
Marc A. Walwyn (TN BPR #22431)
**LAW OFFICE OF MARC WALWYN**
412 Georgia Ave. Ste. 102
Chattanooga, TN   37403
Telephone: (423) 954-7266
Facsimile: (423) 763-1615
*marc@walwynlegal.com*


*ATTORNEYS FOR PLAINTIFFS*